## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA POTTS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO.  06-5422 |
| v. | : | |
| | : | |
| HARRAH'S ATLANTIC CITY HOTEL | : | |
| & CASINO, | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                          June 27, 2007


Presently before the Court is Defendant's, Harrah's Atlantic City Hotel & Casino,

Motion to Dismiss Plaintiff's, Virginia Potts, Complaint (Docket No. 2); Plaintiff's Response

thereto (Docket No. 3); Plaintiff's letter to the Court dated May 7, 2007; and Defendant's

response letter dated May 10, 2007.   For the reasons explained below, this action will be

**TRANSFERRED** to the District of New Jersey.

**I.   BACKGROUND**

Plaintiff commenced this action on November 10, 2006 in the Philadelphia Court

of Common Pleas.  The Complaint alleges that the Plaintiff was injured when a slot machine

chair she was sitting upon collapsed inside the Defendant's casino.  Plaintiff claims that

Defendant knew or should have known that a dangerous condition existed on its premises and

that Defendant failed to either warn others of or repair the condition.  Defendant removed this

action to this Court on December 11, 2006 on the basis of diversity of citizenship.

Plaintiff is a citizen of Pennsylvania.  Defendant is a New Jersey corporation with its principal place of business in New Jersey.  There has been some question as to Defendant's proper name and the Court has determined the Defendant's proper name is Marina Associates, doing business as Harrah's Casino Hotel Atlantic City.  This fact was disclosed to the Court via the required Disclosure Statement Form filed on February 12, 2007 and signed by Defendant's attorney.  The Disclosure Statement Form states in relevant part that "[t]he nongovernmental corporate party, Marina Associates, D/B/A Harrah's Casino Hotel Atlantic City (incorrectly designated as Harrah's Atlantic City Hotel & Casino) in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock: Harrah's Entertainment, Inc."  (Docket No. 5).  Thus, it is clear to the Court that Defendant's proper name is Marina Associates doing business as Harrah's Casino Hotel Atlantic City (the "Defendant").

The Defendant filed a Motion to Dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and improper venue, pursuant to Federal Rule Civil Procedure 12(b)(3), or in the alternative, to transfer this matter to the United States District Court for the District of New Jersey.  For the reasons stated below, the Motion to Dismiss is denied and the request for a transfer is granted.

## II.  STANDARD OF REVIEW

A defendant has the initial burden of raising the defense of lack of personal jurisdiction.  See Fed. R. Civ. P. 12(h)(1); Walsh v. Alarm Security Group, Inc., 157 F.Supp.2d 501, 504 (E.D. Pa. 2001).  Once the defendant raises the jurisdictional defense, the burden shifts to the plaintiff to prove that the jurisdictional requirements are met.  See Mellon Bank (East)

PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992); Lautman v. Loewen Group,

Inc., No. 99-75, 2000 U.S. Dist. LEXIS 8241, at *6 (E.D. Pa. June 15, 2000).  In order to meet

this burden, the plaintiff "must offer evidence that establishes with reasonable particularity

sufficient contact between the defendant and the forum state to support jurisdiction."  Walsh, 157

F.Supp.2d at 505.  Generally, a plaintiff must submit "sworn affidavits or other competent

evidence" to meet this burden.  North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687,

689 (3d Cir. 1990), (citing Stranahan Gear Co. v. NL Indus., Inc., 800 F.2d 53, 58 (3d Cir.

1986)).

## III.  DISCUSSION

### A.     Personal Jurisdiction

A court must make a two-part inquiry to determine whether personal jurisdiction

over an out-of-state defendant is proper.  First, the court must determine whether the long-arm

statute of the forum state would allow the courts of the forum state to exercise jurisdiction over

the defendant.  See Fed. R. Civ. P. 4(e)(1).  Second, if the long-arm statute permits the forum

state to exercise jurisdiction, the court must then determine if exercising personal jurisdiction

over the defendant would be consistent with the Constitution's Due Process Clause.  See

Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir.

1996).  Because Pennsylvania's long-arm statute's reach is coextensive with the limits placed on

the states by the Constitution, See 42 Pa. Cons. Stat. Ann. § 5322(b), the court need only address

the second question–whether the exercise of personal jurisdiction conforms with the

requirements of the Due Process Clause.  See Vetrotex, 75 F.3d at 150.

Case 2:06-cv-05422-RB   Document 6   Filed 06/28/07   Page 4 of 10

When addressing the due process question, the court must analyze the relationship between the defendant's conduct, the forum state, and the litigation.  See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  Due process is first satisfied if the defendant has constitutionally sufficient "minimum contacts" with the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  "Minimum contacts" determination is satisfied when a defendant purposefully directs conduct toward the forum state or when a defendant purposefully avails himself of the protection of the laws of the forum state.  Id.  at 472.  Next, if sufficient minimum contacts are demonstrated then it must be determined whether an exercise of personal jurisdiction would comport with "traditional notions of fair play and substantial justice" Grand Entertainment Group Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Because the Court has determined that the Plaintiff has not demonstrated sufficient minimum contacts, the Court will not address whether the exercise of personal jurisdiction would comport with traditional notions of fair play and substantial justice.

B.      General Jurisdiction

There are two types of personal jurisdiction: general and specific jurisdiction. General jurisdiction exists when the defendant has continuous and systematic contacts with the forum state, regardless of where the particular events giving rise to the litigation occurred.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9 & 416 (1984).  "In order to establish general jurisdiction, the plaintiff must show that the defendant has maintained continuous and substantial forum affiliations."  North Penn, at 690 n. 2.  "The threshold for establishing general jurisdiction is very high, and requires a showing of extensive and pervasive

facts demonstrating connections with the forum state." O'Connor v. Sandy Lane Hotel Co., Ltd.,

No. 04-2436, 2005 WL 994617, at *2 (E.D.Pa. April 28, 2005) (citing Reliance Steel Prods. Co.

v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982))**.**

        Defendant argues that general jurisdiction is not proper in this case because it is a

non-citizen corporation that: (1) does not do business in Pennsylvania; (2) does not own or

operate any property in Pennsylvania; (3) does not have any employees or agents in

Pennsylvania; (4) is not a Pennsylvania partnership or corporation; (5) is not licensed to do

business in Pennsylvania; and (6) has not consented to the jurisdiction of Pennsylvania courts.

Plaintiff disagrees and argues that general jurisdiction is proper because: (a) Defendant owns,

manages, and/or leases property in Pennsylvania via Harrah's Chester Casino & Racetrack

located in Chester, Pennsylvania; (b) Defendant has been advertising for itself as well as the

Harrah's Chester Casino & Racetrack in Pennsylvania; and © Defendant has arrangements with

bus companies to transport Pennsylvania citizens to its casino and hotel in Atlantic City as well

as to Harrah's Chester Casino & Racetrack.  For the reasons below, the Court lacks general

jurisdiction over the Defendant.

        The Plaintiff's first argument for general jurisdiction over the Defendant is that

Defendant owns, manages and/or leases property in Pennsylvania known as Harrah's Chester

Casino & Racetrack.  However, as previously stated the Defendant is Marina Associates, doing

business as Harrah's Casino Hotel Atlantic City and its parent corporation is Harrah's

Entertainment, Inc.  (Disclosure Statement Form Docket No. 5).   The Defendant and Harrah's

Chester Casino & Racetrack are separate and independent entities.[1]  Because the Defendant and

Harrah's Chester Casino & Racetrack are separate independent entities, there is no argument for

personal jurisdiction over the Defendant based on the fact that Harrah's Chester Casino &

Racetrack is located in Pennsylvania.

Furthermore, as my colleague, Judge O'Neill, found in Blackwell v. Marina

Associates, No. 05-5418, 2006 WL 573793, at *5 (E.D. Pa. March 9, 2006), in order for a

subsidiary's, Harrah's Chester Casino & Racetrack, jurisdictional contacts to be imputed to the

defendant, Marina Associates, prima facie evidence[2] must be presented to overcome the

presumption of corporate separateness.  The Plaintiff has presented no evidence to overcome the

presumption.

Next, the Plaintiff argues that the Defendant should be subject to personal

jurisdiction in Pennsylvania because the Defendant advertises in Pennsylvania and has been

advertising its Harrah's Chester Casino & Racetrack in Pennsylvania as well as soliciting

Pennsylvania citizens to visit its Harrah's Chester Casino & Racetrack through mailings offering

food and coin redemption coupons as incentives.  This second argument is without merit because

---

1. There is a likelihood that both the Defendant and Harrah's Chester Casino & Racetrack are owned and operated by the same parent corporation, Harrah's Entertainment, Inc.  However, the Court does not have evidence before it to determine if Harrah's Chester Casino & Racetrack is a subsidiary of Harrah's Entertainment, Inc. Furthermore, whether Harrah's Entertainment, Inc. is Harrah's Chester Casino & Racetrack's parent corporation is irrelevant to the Court's analysis of whether it has personal jurisdiction over the Defendant.

2. The following factors are to be considered when determining whether to impute a subsidiaries jurisdictional contacts to a parent corporation:
    (1) whether the subsidiary corporation played a part in the transactions at issue;
    (2) whether the subsidiary was merely the alter ego or agent of the parent;
    (3) whether the independence of the separate corporate entities was disregarded;
    (4) whether the subsidiary is necessarily performing activities that the parent
    would otherwise have to perform in the absence of the subsidiary
Blackwell at *5 n. 4.

"[t]he threshold for establishing general jurisdiction is very high, and requires a showing of

extensive and pervasive facts demonstrating connections with the forum state." O'Connor at *2.

The fact that the Defendant advertises in Pennsylvania is an insufficient contact to support a

finding of continuous and substantial contacts that give rise to general jurisdiction.  Feldman v.

Bally's Park Place, Inc., No. 05-5345, 2006 WL 1582331, at *3 (E.D.Pa. June 5, 2006) (stating

that although the advertisements and solicitations in this case may be more substantial they are

not sufficiently more so to warrant jurisdiction); See also Blackwell at * 4.  Furthermore, the

Defendant is a separate entity from Harrah's Chester Casino & Racetrack and thus, Harrah's

Chester Casino & Racetrack's advertising and solicitation may not be imputed to the Defendant.

    Lastly, the Plaintiff argues that the Defendant is subject to personal jurisdiction in

Pennsylvania because it has arrangements with bus companies in Pennsylvania to encourage

daily transportation from Pennsylvania to Defendant and to Harrah's Chester Casino &

Racetrack.  This third argument is also without merit because again, "[t]he threshold for

establishing general jurisdiction is very high, and requires a showing of extensive and pervasive

facts demonstrating connections with the forum state." O'Connor at *2.  The fact that the

Defendant arranges transportation for Pennsylvania citizens to Defendant is an insufficient

contact to support a finding of continuous and substantial contacts that give rise to general

jurisdiction.  Feldman at *4 ("Even considering the cumulative effect of Defendant Bally's

advertising contacts and forum visits, the Court finds that the heavy requirements for general

jurisdiction are not met.").  Furthermore, the Defendant is a separate entity from Harrah's

Chester Casino & Racetrack and thus, Harrah's Chester Casino & Racetrack's transportation

arrangements may not be imputed to the Defendant.

For the above reasons, the Court has determined that the Defendant's contacts taken as a whole are insufficient to establish continuous and substantial contacts with the forum that support a finding of general personal jurisdiction.

### C.      Specific Jurisdiction

The Court will only briefly address specific jurisdiction because the Plaintiff has not argued that specific personal jurisdiction exists. "[S]pecific jurisdiction is established when a non-resident defendant has purposefully directed his activities at a resident of the forum and the injury arises from or is related to those activities." General Electric Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).

Plaintiff's injuries in this case occurred in New Jersey, where Plaintiff contends Defendant allowed a dangerous condition, alleged defective chair, to exist without a warning to casino patrons. Plaintiff's cause of action, therefore, does not arise out of Defendant's contacts with Pennsylvania and thus, the Court lacks specific personal jurisdiction over the Defendant.

### D.      Venue

The Court agrees with both the Plaintiff and the Defendant that venue is proper in the District of New Jersey because New Jersey has general jurisdiction over the Defendant and the relevant events occurred in New Jersey. N.J. Court Rule 4:4-4©; 28 U.S.C. §1391(a)©; *see also* Charles Gendler & Co. v. Telecom Equip Corp., 508 A.2d 1127, 1131 (N.J. 1986). Thus, the Court concludes that it lacks personal jurisdiction over the Defendant and the interests of justice are better served by transferring this action to the District of New Jersey. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any

8

other such court in which the action or appeal could have been brought at the time it was

filed....").

## IV.  CONCLUSION

For all the forgoing reasons, this Court lacks personal jurisdiction and is

transferring this case to the United States District Court for the District of New Jersey.  An

appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA POTTS, | : | CIVIL ACTION |
|       Plaintiff, | : | |
| | : | NO.  06-5422 |
|       v. | : | |
| | : | |
| HARRAH'S ATLANTIC CITY HOTEL | : | |
| & CASINO, | : | |
|       Defendant. | : | |

## <u>ORDER</u>

**AND NOW**, this 27ᵗʰ day of June, 2007, upon consideration of Defendant's

Motion to Dismiss Plaintiff's Complaint (Docket No. 2) and Plaintiff's response thereto (Docket

No.3), it is hereby **ORDERED** that this case be **TRANSFERRED** to the District of New Jersey.

This case is **CLOSED**.


BY THE COURT:


  *s/ Ronald L. Buckwalter, S. J.*
  RONALD L. BUCKWALTER, S.J.